Paul J. Crockett, Petitioner v. Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Argued June 7, 1979, before Judges WILKINSON, JR., MENCER and MACPHAIL, sitting as a panel of three.

*Erik N. Dingle,* with him *Charles D. Lemmond, Jr.,* for petitioner.

*Gary Marini,* with him *Reese Couch,* Assistant Attorney General, *Richard Wagner,* Chief Counsel, and *Edward G. Biester, Jr.,* Attorney General, for respondent.

OPINION BY JUDGE WILKINSON, JR., July 5, 1979:

Paul J. Crockett (claimant) appeals from a final decision of the Unemployment Compensation Board of Review (Board) which affirmed a referee's denial of claimant's request for unemployment compensation benefits. We affirm.

Claimant was denied benefits based on Section 3 of the Unemployment Compensation Law (Law), Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §752. This section says, in pertinent part:

Economic insecurity due to unemployment is a serious menace to the health, morals, and

welfare of the people of the Commonwealth. . . .
The Legislature, therefore, declares that in its
considered judgment the public good and the
general welfare of the citizens of this Common-
wealth require the exercise of the police powers
of the Commonwealth in the enactment of this
act for the compulsory setting aside of unem-
ployment reserves to be used for the benefit
of persons unemployed through *no fault of their
own.* (Emphasis added.)

Designated the Declaration of Public Policy section,
this is a substantive provision of the Law upon which
benefits may be denied.

Claimant worked for nine and one half years as a
maintenance man at a state park, until discharged on
November 17, 1976. In 1970 after three and one half
years his job became part of the state civil service
system. At all times during his employment as a
maintenance man and for many years before that
claimant was a member of the school board, which is
an elected post. In November of 1975 claimant ran
unopposed for relection to the school board for an-
other six-year term.

There is no question that holding this political of-
fice was a violation of Section 904 of the Civil Service
Act (Act), Act of August 5, 1941, P.L. 752, *as amend-
ed,* 71 P.S. §741.904 which prohibits political activity.
The contention lies in whether or not claimant knew
of Section 904 and what it meant. Claimant says he
did not, the Board found that he did. This case does
not want from lack of attention; the referee reviewed
it twice and the Board three times. We believe there
was substantial credible evidence upon which the
Board could rest its findings.

Testimony reveals that pamphlets were mailed by
the Civil Service Commission to all employees when
they became part of the Civil Service and that the per-

tinent provisions were posted on a bulletin board for at least a year. In claimant's own testimony he admits that he knew there was a problem before he ran for relection to the school board. His superior told him "it was against civil service rules to engage in any political activity at all." Having chosen to run for the school board and serve as a member and having been properly discharged as a result, claimant cannot successfully argue that his unemployment is through no fault of his own.

Accordingly, we will enter the following

ORDER

AND Now, July 5, 1979, the order of the Unemployment Compensation Board of Review dated December 19, 1977, Decision No. B-150056-B is hereby affirmed.